UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALEJANDRO ALVARADO and CAROL ALVARADO,

Plaintiffs,

v.

CITY OF GRANITE FALLS, GREG HOLMSTROM, WILLIAM LAVIN, DAVID SMIGLEWSKI, GREAT PLAINS NATURAL GAS CO., JIM MARKA, LORIS GNIFFKE, PAUL KROGSTAD, BRIAN STRUFFERT, PHIL TIEG, and PAUL NELSON,

Defendants.

Civil 00-1816 (JMR/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiffs' application for leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket Nos. 2, 3, 4, 7 and 8.) The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this action be dismissed as to Defendant Paul Nelson.

When a plaintiff seeks IFP status in a federal case, his or her pleading is subject to sua sponte review, to determine whether it states a claim on which relief can be granted. If a complaint fails to state an actionable claim, or if the plaintiff seeks damages from a party who is legally immune from being sued, the action is subject to summary dismissal. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

FILED SEP 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, Plaintiffs are attempting to sue eleven parties who allegedly violated Plaintiffs' federal constitutional rights. One of the named Defendants, Paul Nelson, is identified in Plaintiffs' Second Amended Complaint as a judge of the Eighth Judicial Circuit, Chippewa County, Minnesota. He is accused of violating Plaintiffs' constitutional rights while serving as the presiding judge in state court proceedings involving certain real property owned by Plaintiffs. It is alleged that Judge Nelson issued various rulings that favored Plaintiffs' opponents, scheduled and conducted a trial when he knew that Plaintiffs would be unable to attend it, improperly received a certain "fax" as evidence, and refused to grant a stay pending an appeal.

Under both federal and state law, judges are completely immune from suits for damages based on actions taken while performing their judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986); Hoppe v. Klapperich, 224 Minn. 224, 234 (1947) (quoting Stewart v. Case, 53 Minn. 62, 66 (1893)) ("it is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for his determinations and acts in his judicial capacity, however erroneous or by whatever motives prompted"). The rule of absolute judicial immunity does not apply to claims based on non-judicial acts or when the judge acted without jurisdiction. Mireles v. Waco, 502 U.S. at 11-12. Neither of these exceptions is applicable here, however, as the claims against Judge Nelson are clearly based on acts that he allegedly performed while acting in his capacity as a presiding judge in a case over which he had jurisdiction.

Thus, the Court concludes that Judge Nelson is protected from Plaintiffs' present lawsuit by the doctrine of judicial immunity. It is therefore recommended that the action be summarily dismissed as to Judge Nelson, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be summarily dismissed, with prejudice, as to Defendant Paul Nelson.

Dated: September 20, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.