UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
00-CV-1816(JMR/SRN)

Alejandro Alvarado and )
Carol Alvarado )
)
v. ) ORDER
)
City of Granite Falls et al. )

Defendants seek a dismissal of plaintiffs' allegations of civil rights violations, contending the Rooker-Feldman doctrine bars their claims. Plaintiffs protest the characterization, and assert they should be allowed to proceed because their claims are separable from those raised in previous state court litigation and include distinct defendants. The Court, having reviewed the state court records, determines the claims now raised by plaintiffs are inextricably intertwined with those already adjudicated in state court. The action is therefore barred.

I. Background

This case arises out of a lengthy dispute between plaintiffs, Alejandro and Carol Alvarado, and defendant, City of Granite Falls ("the City"). In 1990, the City passed an ordinance prohibiting residence in mobile homes unless the homes were located in designated trailer parks. The ordinance contained a "grandfather" clause, excusing from compliance those mobile homes in habitable condition which did not change ownership after the ordinance enactment. In 1995, the City examined title documents on the mobile home owned by plaintiffs and determined ownership had

MAR 20 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAR 20 2001
DEPUTY CLERK

changed in 1994. The City then brought criminal charges against Carol Alvarado for non-compliance with the ordinance. Plaintiffs produced a contradictory chain of title demonstrating they had continuously owned the mobile home since before 1990, and the charges were dropped.

Plaintiffs subsequently challenged the ordinance in state court, alleging it violated various provisions of the state and federal constitution, most notably due process and equal protection. See Ex. C (Complaint).[1] That challenge was unsuccessful, and the court granted summary judgment to the City on all counts. See Ex. E & F (state court decisions). Plaintiffs did not appeal the court's decision.

In 1999, following plaintiffs' unsuccessful challenge to the ordinance, the City brought proceedings against plaintiffs, citing the ordinance's requirement that mobile homes be maintained in a habitable condition. For several years, the City had received complaints from neighbors regarding the condition of plaintiffs' mobile home, as well as another home plaintiffs owned. Overgrown grass and weeds, structural deficiencies, and vermin infestation were among the issues cited by neighbors as areas of concern. Plaintiffs were notified of the complaints each year beginning in 1995, but failed to ameliorate the problems. See Ex. B (petition

---

[1]All exhibits referenced are attached to the affidavit of Gregory Holmstrom submitted in relation to this motion.

for and order granting entry and inspection).

The City, having failed to reach an agreement with plaintiffs regarding an inspection of their homes, obtained court orders authorizing entry onto and inspection of the two properties. Id. City and state building inspectors inspected the homes in the fall of 1999 and issued reports concluding the structures were irreparable and should be demolished. The City then ordered plaintiffs to remove the structures. Ex. G & H (orders for removal of hazardous buildings).

Plaintiffs challenged the orders for removal in court, alleging the City was attempting to deprive them of their property without duc process or just compensation. Upon plaintiffs' request, the court granted a continuance of the initial trial date, but warned plaintiffs that no further continuances would be granted "except upon the most exigent circumstances." Ex. K (state court order). The day before the scheduled hearing date, plaintiffs faxed a motion for a continuance to the court. The court denied the motion and proceeded with the hearing. Id.

Following the hearing, at which the City presented extensive evidence regarding the condition of the properties, the court affirmed the orders for removal and denied plaintiffs' post-trial motions. Although plaintiffs filed a notice of appeal with the Minnesota Court of Appeals, they failed to perfect it, and their appeal was dismissed. The properties were subsequently demolished

by the City, and plaintiffs' personal possessions were placed in storage.

Plaintiffs then brought this action, seeking damages against the City and various city and state officials for the alleged violation of their civil rights stemming from the above course of events. Specifically, plaintiffs allege violations of 42 U.S.C. §§ 1981, 1982, and 1983.[2]

II. Analysis

The Rooker-Feldman doctrine requires federal courts to give "the same preclusive effect to a state court judgment that the judgment would be given in courts of the rendering state." Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir. 1999). Not only claims actually adjudicated by state courts, but also claims "inextricably intertwined" with those claims, are barred by the doctrine. Id. A claim is inextricably intertwined under Rooker-Feldman if it "succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested would effectively reverse the state court decision or void its ruling." Charchenko v. City of Stillwater, 47 F.3d 981,

---

[2]Plaintiffs do not specify an action under 42 U.S.C. § 1983; however, they allege violations of their Fourth Amendment right to be free of illegal search and seizure; their Fifth Amendment right to just compensation for a taking of property; and their Fourteenth Amendment right to due process and equal protection. To the extent that plaintiffs are entitled to recompense for the alleged violations of those rights by state actors such as defendants, their remedy would be through § 1983, and the Court so construes their complaint.

983 (8th Cir. 1995). The claims need not be identically named or pled; "federal plaintiffs cannot by artful pleading obtain a hearing of disguised state court appeals that would otherwise be subject to a Rooker-Feldman bar." Lemonds v. St. Louis County, 222 F.2d 488, 494 (8th Cir. 2000).

Here, although couched in the language of the federal statute, plaintiffs' claims are simply a redux of their state claims, asserting violations of due process, equal protection, and taking without just compensation. See Ex. C and Complaint. The state court ruled on each of those issues, and this Court may not, under the Rooker-Feldman doctrine, reconsider that court's decisions.

Plaintiffs do assert two claims not raised in the state court action. First, they contend the property inspections conducted by defendants Jim Marka and Loris Gniffke constituted an illegal search and seizure of their property. Those inspections, however, took place pursuant to court order. See Ex. B. Second, plaintiffs assert that the state court's decision to conduct the hearing regarding demolition in their absence deprived them of due process of law. That claim was raised by plaintiffs in their post-trial motions and rejected by the court. See Ex. M.

Thus, all of the claims presented by plaintiffs in this case were presented to, and decided by, the state court. Those claims could succeed "only to the extent that the state court wrongly decided the issues before it." Accordingly, the claims are

precluded under Rooker-Feldman. Charchenko, 47 F.3d at 983.[2]

III. Conclusion

The Court finds the claims asserted by plaintiffs in this action to be "inextricably intertwined" with those already raised and rejected in state court. The principles of federalism embodied in the Rooker-Feldman doctrine forbid this Court from examining the correctness of the state court's decision. Accordingly, IT IS ORDERED that:

1. Defendants' motions to dismiss are granted.
2. This action is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 19, 2001

JAMES M. ROSENBAUM
United States District Judge

[2]The inclusion of additional defendants in the federal action does not save plaintiffs' case. The Eighth Circuit Court of Appeals has determined that the parties need not be identical for Rooker-Feldman's preclusive effect to apply, so long as the claims presented are "inextricably intertwined." Lemonds, 222 F.3d at 495.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd